#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### HATTIESBURG DIVISION

**TOMMY L. WHITE, SR., #M1572**                                                  **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO.  2:12-cv-42-KS-MTP**

**CHRISTOPHER EPPS, ET AL.**                                              **DEFENDANTS**

#### ORDER DENYING *IN FORMA PAUPERIS* STATUS
#### AND DISMISSING CASE

BEFORE the Court is Plaintiff  White's application to proceed *in forma pauperis* (IFP) in this civil action.  On March 14, 2012, Plaintiff, an inmate of the Mississippi Department of Corrections, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.  The named Defendants are:  Christopher Epps; Ronald King; Byron Breland; Beverly Breland; Dr. Ron Woodall; Wexford Health Sources;  E.L. Sparkman; Milton Martin; Ken North;  and Hubert Davis.

Plaintiff alleges that on December 2, 2011, Officer Breland used excessive force when he sprayed Plaintiff with mace, kicked Plaintiff and struck Plaintiff in the "head area several times with his fist and once with his radio."  Compl. [1] at 5.  Plaintiff alleges that Captain Breland stood by and did nothing to stop the misuse of force.  Plaintiff states that after the assault he was taken to the prison infirmary where he received treatment for exposure to mace.  As relief in this suit, Plaintiff is requesting a declaratory judgment, injunctive relief and monetary damages.

#### DISCUSSION

The Prison Litigation Reform Act provides, among other things, that a prisoner's privilege to proceed *in forma pauperis* is revoked if he or she has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state

a claim. 28 U.S.C. § 1915(g).[1] The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *See Adepegba v. Hammons,* 103 F.3d 383, 386 (5th Cir. 1996). The Court finds that during Plaintiff's incarceration, he has brought at least three civil actions or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[2]

Since Plaintiff has three qualifying dismissals under 28 U.S.C. § 1915(g), he is prevented from proceeding *in forma pauperis* ("IFP") in this suit unless he is under imminent danger of serious physical injury. The imminent danger must exist "at the time [Plaintiff] seeks to file his suit in district court or . . . files a motion to proceed IFP." *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Moreover, the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Hence, claims of past harm do not qualify, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litshcher*, 337 F.3d 781, 782 (7th Cir.

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] In *White v. Epps,* No. 2:08cv111 (S.D. Miss.), *aff'd,* No. 10-60040 (5th Cir. Feb. 14, 2011), plaintiff's civil rights action was partially dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).
   In *White v. MCCF, et al.,* No. 3:09cv58 (N.D. Miss. Apr. 29, 2010), plaintiff's civil rights action was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).
   In *White v. Warren*, No. 5:00cv147 (S.D. Miss. Sept. 16, 2003), plaintiff's civil rights action was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

2003).

After review of the Complaint in conjunction with the applicable case law, the Court finds that Plaintiff's allegations are insufficient to establish the requisite imminent danger of serious physical injury.  *See King v. Livingston*, 212 F. App'x 260, 262 (5th Cir. 2006)(per curiam)(allegations of past attacks by inmates and prison officials which allegedly occurred six weeks before complaint was filed were insufficient to establish imminent danger); *Abdul-Akbar v. McKelvie*, 239 F.3d at 315 (claims of being sprayed with pepper spray one month before filing suit, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," do not sufficiently allege imminent danger); *Bankhead v. King*, No. 03-142, 2003 WL 21529822, at *3 (N.D.Tex. July 7, 2003)(allegations that prison guards used excessive force when removing plaintiff from his cell, failed to protect him, harassed him, and conspired against him, failed to establish imminent danger of serious physical injury).  Thus, Plaintiff will not be allowed to proceed under the exception provision of § 1915(g).  Since Plaintiff is being denied permission to proceed as a pauper and the Court has not received payment of the filing fee for this civil action, this case will be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED, that Plaintiff's Motion to proceed *in forma pauperis* in this cause is **denied** pursuant to 28 U.S.C. § 1915(g) and this case is hereby **dismissed**.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of Court is directed to re-open this civil action if the full filing fee of $350.00 is paid within 30 from the entry of this Order.

IT IS FURTHER ORDERED AND ADJUDGED that since the Defendants have not been

called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's Order of Dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A separate Final Judgment in accordance with this Order of Dismissal will be entered.

SO ORDERED, this the 30th day of March, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE